UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RICHARD ALLAYE CHAN, JR., and
ANNE ALLAYE CHAN,

        Plaintiff,

   v.

RESORTQUEST PARK CITY, LLC, a
limited liability company;
RESORTQUEST INTERNATIONAL,
LLC, a Delaware limited
liability company; LEUCADIA
NATIONAL CORPORATION, a New
York corporation; WYNDHAM
WORLDWIDE OPERATIONS, INC., a
New York corporation; NPC
HOLDINGS LLC, a Pennsylvania
limited liability company;
SPA/HOT TUB MAINTENANCE
COMPANY WHOSE NAME IS UNKNOWN
AT THIS TIME; and ROES 1
through 50, inclusive,

        Defendant.

NO. CIV. S-11-420 FCD

MEMORANDUM AND ORDER

----oo0oo----

1

This matter comes before the court on defendant NPC Holding Company's ("NPC") motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and for improper venue pursuant to Rule 12(b)(3). In the alternative, defendant also moves to transfer the action to the United States District Court for the District of Utah pursuant to 28 U.S.C.A. § 1404. Plaintiffs Richard Allaye Chan Jr. and Anne Allaye Chan ("plaintiffs") oppose the motion, asserting that this court has both general and specific jurisdiction over NPC, and that the Eastern District of California is the proper venue for this action. In the alternative, plaintiffs request that the court defer ruling on defendant's motion and allow limited discovery relevant to personal jurisdiction. (Pls.' Memo of Points and Authorities in Opp'n to Def.'s Mot. to Dismiss [Docket #14], filed July 8, 2011, 13:8.) For the reasons set forth below, the court grants plaintiffs' request for limited jurisdictional discovery.

**BACKGROUND**

Plaintiffs are residents of California. (Decl. of Richard Allaye Chan, Jr. ("Chan Decl.") [Docket #15], filed July 18, 2011, ¶ 1.) Plaintiffs found the vacation property located at 7993 Ridge Point Drive, Unit 107, Park City, Utah (the "Property") online and called defendant ResortQuest Park City LLC ("ResortQuest") to inquire about renting the Property. (Id. ¶ 7.) As a result, ResortQuest requested, via email, that plaintiffs sign a contract and provide credit card information within 48 hours. (Id. ¶ 8.) On December 10, 2008, plaintiffs faxed a signed contract to ResortQuest from California for rental

2

of the Property. (Decl. of Karen Sarkissian, Esq. ("Sarkissian Decl.") [Docket #16], filed July 8, 2011, ¶ 11.)

On February 12, 2009, plaintiffs, their children, and another family began their vacation at the Property. (Chan Decl. ¶ 9.) All vacationers used the hot tub, but plaintiff Richard Chan Jr. ("Chan") used it the most. (Id.) Near the end of their stay, Chan found folliculitis, erythematous papules, and pustules covering his buttocks, lower back, chest, and thighs, which ultimately scarred and discolored his skin. (Id.) Immediately upon returning to California, he received treatment from a dermatologist, who confirmed the diagnosis of folliculitis with a culture test. (Id.) Every member of the group developed the same disease, but none to the same degree as Chan. (Id.)

Defendant NPC is incorporated in Pennsylvania, but operates its principle place of business in Utah. (Decl. Of Carla Chen ("Chen Decl.") [Docket #13], filed May 25, 2011, ¶ 4). NPC has owned the Utah rental Property in dispute since May 2006. (Sarkissian Decl. ¶ 2.) NPC does not have an office in California. (Chen Decl. ¶ 5.)

Six[1] websites advertised NPC's Property. Three of these six companies, vrAgent, 10K Vacation Rentals, and Vacations Homes, are located in California. (Sarkissian Decl. ¶¶ 4-6.) ResortQuest advertises that it provides real-time online booking capacity, comprehensive email, and direct marketing campaigns to a database of over six million consumers. (Id. ¶¶ 9-10.)

---

[1] Plaintiffs allege by affidavit that vrAgent, 10K Vacation Rentals, Vacation Homes, Park City Reservations, Vacation Roost, and ResortQuest all marketed NPC's unit for rent. (Sarkissian Decl. ¶¶ 4-9.)

3

On February 14, 2011, plaintiffs filed a diversity action against NPC and others[2] in the Eastern District of California, alleging claims for relief for (1) negligence in creating dangerous and defective spa conditions at the Property, and (2) loss of consortium from plaintiff Chan's skin disease that he contracted from the hot tub. (Compl. [Docket #1], filed Feb. 14, 2011, ¶¶ 3, 17-26.)

**STANDARD**

A district court is vested with broad discretion to permit or deny discovery, and a decision "to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." Laub v. U.S. Dept. of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting Hallett v. Morgan, 287 F.3d 1193, 1212 (9th Cir. 2002)). Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (citing Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.2 (9th Cir. 1977)). The party seeking discovery bears the burden of showing that the

---

[2] Defendants ResortQuest, LLC, ResortQuest International LLC, and Leucadia National Corporation have together filed a general denial to plaintiffs' complaint under Federal Rule of Civil Procedure 8(b)(3), admitting several specific allegations and alleging affirmative defenses. (Answer to Compl. for Damages [Docket #7], filed Apr. 11, 2011, ¶ 1.) While these defendants admit to the court having subject matter jurisdiction over the action, the denial does not mention the court's personal jurisdiction. Defendant Wyndham Worldwide Operations, Inc. did the same. (Answer to Compl. for Damages [Docket #11], filed Apr. 28, 2011, ¶¶ 1-15.)

4

denial of discovery results in actual and substantial prejudice to it. Twentieth Century Fox Int'l Corp. v. Scriba, 385 F. App'x. 651, 652 (9th Cir. 2010) (citing Boschetto, 539 F.3d at 1020). Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed. Id. (citing Martel v. County of Los Angeles, 56 F.3d 993, 995 (9th Cir. 1995) (en banc).

## ANALYSIS

Plaintiffs contend that the court has both general and specific personal jurisdiction over the defendant because defendant ResortQuest acted as an agent for defendant NPC. Specifically, plaintiffs assert that by marketing the Property to California through a highly interactive website and three California-based advertising companies, and by booking the reservation with the plaintiffs, ResortQuest's contacts with California sufficiently serve as NPC's contacts for jurisdictional purposes. (Pls.' Opp'n, 10:18-27.)

When there is no applicable federal statute governing personal jurisdiction, the court applies the law of the state in which it sits. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc). California's long-arm statute allows courts to exercise personal jurisdiction over a defendant to the extent permitted by the Federal Due Process Clause. See Cal. Civ. Proc. Code § 410.10 (West 2011). Accordingly, due process requires that for a court to subject a nonresident defendant to *in personam* jurisdiction, that defendant must have "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not

offend traditional notions of fair play and substantial justice.'" Young v. Actions Semiconductor Co., 386 F. App'x 623, 626 (9th Cir. 2010) (quoting Schwarzenegger v. Fred Martin Motor Co.*,* 374 F.3d 797, 801 (9th Cir. 2004).

The standard for general jurisdiction over a nonresident defendant requires the showing of "continuous and systematic general business contacts," or enough contacts to approximate physical presence in the forum. Schwarzenegger, 374 F.3d at 801 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*,* 466 U.S. 408, 416 (1984)) (continuous and systematic contacts); Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (approximate physical presence). However, even if a defendant does not have continuous and systematic contacts, the defendant may have sufficient minimum contacts giving rise to the pending claim that the court may exercise specific jurisdiction. See Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). In determining whether a district court can exercise specific jurisdiction over a nonresident defendant, the Ninth Circuit applies the following three-part test:

(1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must arise out of or relate to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

Young, 386 F. App'x at 627 (citations omitted).

6

In cases involving internet services, the Ninth Circuit has concluded that "no court had ever held that an Internet advertisement alone is sufficient to subject a party to jurisdiction in another state." Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998) (quoting Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997)). Rather, in order to be subject to personal jurisdiction, there must be "something more" to "indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." Id.  The Ninth Circuit has defined "something more" as "express aiming," or wrongful conduct individually targeting a known forum resident. Bancroft & Masters, 223 F.3d at 1087 (quoting Calder v. Jones, 465 U.S. 783, 789 (1984)).

Specifically, in cases involving interactive websites, courts must analyze the "level of interactivity and commercial nature of the exchange of information that occurs on the Web site" to determine their jurisdictional effect. Cybersell, 130 F.3d at 418 (quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997); see Boschetto, 539 F.3d at 1018 (where jurisdiction was improper because eBay advertised defendant's goods for sale one time only, and that listing closed once the item was sold, thereby extinguishing the Internet contact for this transaction within the forum state); Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999) (holding that although the actual number of sales to California citizens may be small, the act of engaging in 'Internet commerce' with California citizens was sufficient to establish minimum

7

contacts); Smith Enter., Inc. v. Capital City Firearms, No. CV 07-2163, 2008 WL 2561882 (D. Ariz. June 24, 2008) (holding that the defendant was subject to specific jurisdiction for trademark infringement arising out of use of a website that was accessible to and utilized by customers in the forum state to place product orders); Tech Heads, Inc. v. Desktop Serv. Ctr., 105 F. Supp. 2d 1142, 1151 (D. Or. 2000) (holding that defendant "intentionally availed itself of jurisdiction" by "posting a highly commercial, highly interactive Web site on the World Wide Web, engaging in Internet commerce with at least one [forum state] resident").

Moreover, "[a]cts taken by an agent under apparent authority can be sufficient to establish personal jurisdiction for the principal." Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) (original citations omitted). "A party claiming apparent authority of an agent must prove (1) that the acting party subjectively believed that the agent had authority to act for the principal[,] and (2) that the subjective belief in the agent's authority was objectively reasonable." Myers v. Bennett Law Offices, 238 F.3d 1068, 1073 n.2 (9th Cir. 2001) (citing Great Am. Ins. Co. v. Gen. Builders, Inc., 934 P.2d 257, 261 (Nev. 1997)); see also Besser v. Chapple, No. SACV 09-230 DOC(EX), 2010 WL 370336, at *4 (C.D. Cal. Jan. 25, 2010). Apparent authority, including a third party's reasonable reliance on such authority, is a question of fact. Myers, 238 F.3d at 1073 n.2.  In assessing whether the acting party subjectively believed that the agent had authority, courts have held that conflicts between facts contained in parties' affidavits are resolved in favor of plaintiff. See Besser, 2010 WL 370336 at *4 (applying the

standard to apparent authority); Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003) (applying the standard generally for personal jurisdiction inquiries).

The Ninth Circuit has imputed the contacts of an agent to its principal corporation where there was a subsidiary or employer-employee relationship. See, e.g., Wells Fargo & Co., 556 F.2d at 419-20 (noting that while the mere existence of a principal-subsidiary relationship is insufficient to establish jurisdiction through apparent authority, "establishment of the requisite 'agency' control may be even easier when a [principal]-subsidiary relationship is involved."); Sher, 911 F.2d at 1362 (employer-employee); Myers, 238 F.3d at 1073 (employer-employee); Bauman v. DaimlerChrysler Corp., No. 07-15386, 2011 WL 1879210, *8 (9th Cir. Aug. 6, 2010) (subsidiary).  However, the Ninth Circuit has noted that there "appears to be no reason why a completely independent, in-state corporation cannot be held to have acted as an agent for another, out-of-state corporation in performing activities giving rise to a cause of action . . . if a common law agency is found to exist." Wells Fargo & Co., 556 F.2d at 419 (citations omitted).

In this case, a more satisfactory showing of the facts is necessary to determine whether NPC is subject to personal jurisdiction.  NPC's direct contact with California is limited to a contract with plaintiffs, residents of California, for rental of its vacation Property.  Plaintiffs contend that, in addition to this contract, defendant NPC established contacts with California by using defendant ResortQuest's marketing strategy

9

1  and highly interactive website to attract California vacation-
2  goers, and leasing the Property to other Californians besides
3  plaintiffs.  (Pls.' Opp'n, 10:9-13.)

4  However, there is limited evidence regarding the nature of
5  the relationship between ResortQuest and NPC.  There is no
6  evidence whether the relationship was a traditional subsidiary or
7  employer-employee relationship, or even whether there are
8  sufficient facts to establish a common law agency relationship.
9  While Chan asserted that he believed ResortQuest was the agent
10 for NPC, there is insufficient evidence to determine whether such
11 a belief was reasonable.

12 Moreover, even if ResortQuest was acting as NPC's agent,
13 there is insufficient evidence to determine whether ResortQuest's
14 conduct subjected itself or NPC to personal jurisdiction in
15 California.  Specifically, there is insufficient evidence for the
16 court to properly analyze the level of interactivity and the
17 commercial nature of the exchange of information that occurs on
18 ResortQuest's website.  Further, there is insufficient evidence
19 whether either ResortQuest's or NPC's conduct was expressly aimed
20 at California.  Finally, it is unclear whether plaintiffs' claims
21 arose out of ResortQuest's website; indeed, plaintiff Chan
22 asserts that he made the reservation via phone, email, and fax,
23 not through a website.  (Chan Decl. ¶ 8.)

24 Accordingly, because a more satisfactory showing of the
25 facts is necessary to resolve the jurisdiction inquiry, and
26 because plaintiffs' discovery request is reasonable, plaintiffs'
27 motion to defer ruling on defendant NPC's motion to dismiss and
28 to allow limited jurisdictional discovery is GRANTED.

10

**CONCLUSION**

The parties shall complete jurisdictional discovery by October 7, 2011. Should defendant choose to refile its motion to dismiss, it must do so by October 21, 2011. Plaintiffs shall file a response by November 4, 2011. Defendant shall file a reply by November 11, 2011.

IT IS SO ORDERED.

DATED: August 10, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE